[859 NYS2d 213]

In the Matter of MICHAEL A. CINTRON (Admitted as MICHAEL ANTHONY CINTRON), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, May 20, 2008

 

APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Robert J. Saltzman* of counsel), for petitioner.

*Mischel & Horn, P.C.*, New York City (*Richard E. Mischel* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

The Grievance Committee for the Second and Eleventh Judicial Districts (hereinafter the Grievance Committee) served the respondent with a petition containing three charges of professional misconduct. After a pretrial conference and a hearing, the Special Referee sustained all three charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court may deem just and proper. The respondent's counsel has submitted an affirmation asking that the Special Referee's report be confirmed and that the discipline imposed be limited to a public censure.

Charge one alleges that the respondent failed to cooperate with legitimate investigations of complaints of professional misconduct conducted by the Grievance Committee and failed to comply with its lawful demands, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]).

By letter dated July 11, 2006, sent to the business address at which the respondent is registered with the Office of Court Administration (hereinafter OCA), the Grievance Committee advised the respondent that it had initiated a sua sponte investigation based upon his failure to reregister with OCA. The letter directed the respondent to reregister and to submit to the Grievance Committee proof of his reregistration, along with a written answer, within 30 days. The respondent failed to either reregister with OCA, submit an answer, or communicate with the Grievance Committee in any way.

In a second letter, dated August 24, 2006, sent via first class and certified mail, the Grievance Committee again directed the respondent to reregister and submit an answer within 10 days. The respondent failed to comply.

In a third letter dated September 7, 2006, the Grievance Committee again directed the respondent to comply with the attorney registration requirements within 30 days and to provide evidence thereof. The respondent failed to comply. He also failed to return numerous telephone messages left for him by Grievance Counsel in October and November 2006, failed to appear as directed at the Grievance Committee's offices on January 9, 2007, and failed to request additional time in which to appear.

Charge two alleges that the respondent failed to cooperate with legitimate investigations into a complaint of professional misconduct conducted by the Grievance Committee and failed to comply with its lawful demands, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]).

By letter dated August 30, 2006, sent to the business address at which the respondent is registered with OCA, the Grievance Committee requested the respondent's answer, within 10 days, to a complaint of professional misconduct filed against him by Amado Lopez. The respondent failed to either submit an answer to the Lopez complaint or request additional time in which to do so.

By letter dated December 7, 2006, the Grievance Committee again directed the respondent to provide a written answer to the Lopez complaint within 10 days of its receipt. The respondent still failed to respond in any manner. In addition, the respondent failed to comply with a lawful directive of the Grievance Committee to appear at its offices on January 9, 2007, or request additional time in which to appear.

Charge three alleges that the respondent failed to reregister as an attorney with OCA, as required by Judiciary Law § 468-a, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]).

As an attorney admitted to practice in New York State, the respondent was required to file a biennial registration statement with OCA and pay the designated fee within 30 days of his birthday, pursuant to Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) part 118.

As of the date of the petition, the respondent has failed to reregister with OCA and pay the required fee for the 2001-2002, 2003-2004, 2005-2006 and 2007-2008 registration periods.

Based on the respondent's unequivocal admissions and the evidence adduced, the Special Referee properly sustained all three charges of professional misconduct, and the Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to take into consideration his payment of the outstanding reregistration fees on or about February 26, 2007, his unblemished disciplinary record, the character witnesses attesting to his reputation in the community for honesty, integrity, and professionalism, his remorse and acceptance of full responsibility, the likelihood that he will not engage in similar misconduct in the future, his ultimately full cooperation with the Grievance Committee, and the absence of venality.

Under the totality of circumstances, the respondent is publicly censured for his professional misconduct.

PRUDENTI, P.J., RIVERA, SPOLZINO, SKELOS and FISHER, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent is publicly censured for his professional misconduct.